UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

*ELECTRONICALLY FILED*

LOUISVILLE WATER COMPANY

    PLAINTIFF

Civil Action No. 3-11-cv-717-S

v.

CSX TRANSPORTATION, INC.

    DEFENDANT

## NOTICE OF REMOVAL

\* \* \* \* \*

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, Defendant CSX Transportation, Inc. ("CSXT") hereby removes this action styled *Louisville Water Company v. CSX Transportation, Inc.*, Civil Action No. 09-CI-11907, now pending in the Jefferson Circuit Court, Commonwealth of Kentucky, to the United States District Court for the Western District of Kentucky, Louisville Division, on the grounds that federal question subject matter jurisdiction now exists based on the Louisville Water Company's ("Plaintiff") newly filed amended Complaint. Plaintiff's condemnation cause of action invokes federal question subject matter jurisdiction because Interstate Commerce Commission Termination Act (" ICCTA") preemption is now complete for purposes of the well-pleaded complaint rule, and removal is otherwise timely under 28 U.S.C. 1446(b) .

Plaintiff filed a motion to amend the Complaint on November 28, 2011, seeking to condemn CSX's Property interest with regard to CSX railroad lines on or near Thierman Lane in Louisville, Kentucky. Plaintiff's Petition for Condemnation for the first time raises the issue of

preemption under the ICCTA because Plaintiff now seeks to take property of CSX. Federal question subject matter jurisdiction now exists and CSXT seeks removal to this Court.

## I. THE NATURE OF THE CASE

On December 11, 2009, Plaintiff filed a lawsuit against CSXT in Jefferson Circuit Court, Commonwealth of Kentucky, Case No. 09-CI-11907, seeking a declaratory judgment that LWC "can exercise its rights in order to cross underneath CSX's railway lines without first securing CSX's consent, without paying CSX a license fee, and without entering into CSX's demanded Crossing Agreement or any contract of similar intent, all pursuant to the prayer for relief below." (*Exhibit A, Original Complaint, para. 26*). Plaintiff also sought a permanent injunction "permanently enjoining CSX from obstructing its efforts to improve its Facilities." (*Exhibit A, Original Complaint, para. 30*). Plaintiff maintains facilities underneath the right-of-way at Thierman Lane and seeks to improve said facilities by installing a water main underneath the CSXT right-of-way at the same location. CSX filed an Answer to the Complaint as well as a Counterclaim against the Plaintiff. The litigation proceeded with both parties filing motions for summary judgment on various issues. The trial court ruled as follows in response to the motions for summary judgment:

(1) Because of lack of clarity of CSX's chain of title, the Court must determine that its interest in the property is an easement;

(2) Because it is an easement, LWC may install its pipelines so long as it does not interfere with CSX' use and enjoyment;

(3) However, it does not appear that any other entity is available or, indeed, known which could grant authorization for the pipeline;

(4) Because, the City of St. Matthews clearly does not have the right, that right having been reserved by CSX;

2

(5) Therefore, as **LWC** seeks to lay pipeline on property in which CSX has an ownership interest, it **must still comply with its contractual requirements**;

(6) And, issues of fact still remain as to whether LWC has complied with those requirements and whether CSX has unreasonably withheld its approval. (*Exhibit B, Opinion and Order, July 27, 2010*).

Plaintiff sought clarification of this Order and the trial court issued a second Opinion and Order clarifying that the "question before the Court for determination was whether CSX had an ownership interest in the property such that they could condition LWC's proposed pipeline construction." (*Exhibit C, Opinion and Order, September 21, 2010*). Following entry of the September 2010 Opinion and Order, the case lay dormant for more than a year.

On November 28, 2011, CSXT was served with Plaintiff's Motion to File Amended Complaint and Petition for Condemnation ("Petition") in which Plaintiff seeks to condemn a CSXT railroad line of right of way for the purpose of installing a new water main in the right of way of Thierman Lane. Plaintiff further requests the appointment of three Court Commissioners to determine the amount of compensation to be awarded. The Court granted Plaintiff's leave to amend the Complaint on December 7, 2011. Plaintiff's Petition for Condemnation for the first time raises the defense of preemption because the case now involves the issues of whether LWC can take the subject property interests of CSXT and track safety concerns related to said taking. CSXT maintains that the Plaintiff's requested relief is preempted by the ICCTA.

The ICCTA established the Surface Transportation Board and in doing so granted it exclusive jurisdiction over transportation by rail carriers and the construction and operation of rail tracks. *49 U.S.C. 10501(b)*. The Safety Transportation Board distinguishes two types of actions that may be preempted. These are actions which are categorically preempted and actions that are preempted as-applied. The Sixth Circuit has adopted the as-applied analysis to railroad crossings.

*Adrian & Blissfield R.R.Co. v. Village of Blissfield, 550 F3d 533, 541 (6th Cir. 2008).* "As-applied preemption covers state or local actions according to a factual assessment of whether that action would have the effect of preventing or unreasonably interfering with railroad transportation." *New Orleans & Gulf Coast Ry.Co. v Barrois, 533 F.3d 321 (5th Cir. 2008).* As-applied ICCTA preemption may apply if the railroad crossing dispute will "impede rail operations or pose undue safety risks. *Id. at 332)(quoting Maumee & W.R.R. Co., 2004 STB LEXIS 140, 2004 WL 395835 (S.T.B.), at 2 (Mar. 3, 2004)).*

CSXT believes that the Plaintiff's attempt to condemn the property will impede rail operations and pose undue safety risks. For these reasons, CSXT maintains the Plaintiff's request to condemn the property is preempted by the ICCTA.

## II. THE REQUIREMENTS FOR REMOVAL ARE SATISFIED

This Court has original subject matter jurisdiction over this action under 28 U.S.C. § 1331 because federal question subject matter jurisdiction now exists as to whether Plaintiff's requested relief by way of invoking Kentucky's eminent domain condemnation power is preempted under the ICCTA.

## III. THE OTHER PROCEDURAL REQUISITES FOR REMOVAL ARE SATISFIED

This removal notice is filed within thirty days after CSXT was served with the Plaintiff's Notice for leave to file Amended Complaint and Petition for Condemnation which was filed on November 28, 2011, and granted by the Court on December 7, 2011. This removal notice is therefore timely filed as required by 28 U.S.C. § 1446(b). Under 28 U.S.C. § 1441(a), venue of the removed action is proper in the Western District of Kentucky, Louisville Division, as the district and division embracing Jefferson County, Kentucky. At the time of removal, CSXT is the only named defendant in this case and therefore it need not obtain the consent of any other

defendant to remove this action. CSXT has complied with 28 U.S.C. § 1446(a). CSXT has complied with 28 U.S.C. § 1446(d). Copies of the Notice of Removal of Action and a copy of this Notice of Removal are being filed with the clerk of the Jefferson Circuit Court, Commonwealth of Kentucky, Case No. 09-CI-11907, and are being served on Plaintiff's counsel. (*Exhibit D*).

## IV. **CONCLUSION**

Defendant CSX Transportation, Inc. removes this action from the Jefferson Circuit Court, Commonwealth of Kentucky, No. 09-CI-11907, to this Court. CSX Transportation, Inc. intends no admission of liability by this notice and expressly reserves all defenses, motions, and pleas available under the Federal Rules of Civil Procedure.

                BOEHL STOPHER & GRAVES, LLP

                */s/ Rod D. Payne*_____
                Raymond G. Smith
                Rod D. Payne
                Earl Martin
                AEGON Center, Suite 2300
                400 West Market Street
                Louisville, KY 40202
                Phone: (502) 589-5980
                Fax: (502) 561-9400
                COUNSEL FOR DEFENDANT, CSX
                TRANSPORTATION, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of December, 2011, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

>Henry S. Alford
>Michael F. Tigue
>MIDDLETON REUTLINGER
>401 S. Fourth St., Suite 2500
>Louisville, Kentucky 40202
>COUNSEL FOR PLAINTIFF,
>LOUISVILLE WATER COMPANY

>*/s/ Rod D. Payne*
>Counsel for Defendant

350092.1